IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSE W. DIXON, AIS # 209012,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 12-0409-WS-N |
| **BALDWIN COUNTY, et al.,** | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review of the complaint, it is recommended that defendant, Baldwin County, be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) because the claims against it are frivolous.

**I. Complaint.** (Doc. 1).

Plaintiff's claims in this action arise from defendants Thompson and Washborn assaulting plaintiff when he verbally confronted them after he was told to strip for the third time on January 12, 2012, while he was a pre-trial detainee[1] at the Baldwin County Corrections Center

---

[1] In this Circuit no distinction is made between the legal standards to be applied to a pretrial detainee's Fourteenth Amendment claims and a convicted felon's Eighth Amendment claims. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995); Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986); see also Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (noting that, in an excessive force case that resulted in pretrial detainee's death, the decisional law is the same under Fourteenth and Eighth amendment).

("jail"). (Doc. 1 at 8-9). When plaintiff got down on all fours, face down, and was not resisting, defendant Thompson applied a chokehold around plaintiff's neck and began choking him. (Id. at 9). Defendant Washborn grabbed plaintiff's arm, twisting it "painfully" behind plaintiff's back. (Id.). When defendant "Thompson crouched on [plaintiff's] back, [he] yanked on plaintiff['s] neck and twisted [plaintiff's] chin around[] to [the] right." (Id.). Plaintiff was examined in the medical unit for scratches and severe neck pain, for which x-rays were ordered and were again ordered after he arrived at Kilby, an Alabama Department of Corrections' institution. (Id. at 9-10). Plaintiff takes pain medication daily for his neck and back. (Id.). Prior to this incident, plaintiff had written grievances on both officers because they had harassed him constantly; this harassment led him to believe that he was being harassed again when he was asked to strip for the third time. (Id. at 8).

Plaintiff claims that defendant Baldwin County is responsible for the actions and behaviors of its subordinates, defendants Washborn, Thompson, Major Byrne, and Sheriff Mack. (Id. at 11). Plaintiff charges defendants Byrne, Mack, and Baldwin County with having unconstitutional policies and customs that violated his right to be free from excessive force and "strip and frisk" searches. (Id. at 11-12).

In a separate incident, plaintiff complains of being sprayed with mace on March 25, 2012 by defendant Bradley when he shot a bullet containing mace into the dorm to which plaintiff was returning from the medical unit. (Id. at 12). This caused plaintiff to choke, cough, gag, and have shortness of breath and burning eyes. (Id.). Plaintiff claims that this was an unnecessary use of force and deliberate indifference. (Id. at 13).

For relief, plaintiff wants compensatory and punitive damages and an injunction ordering a new policy for strip searches, frisks, and use of force. (Id. at 7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

Plaintiff sued defendant ,Baldwin County, alleging that it is responsible for the actions of its subordinates and for a policy or custom that violated his right to be free from excessive force and "strip and frisk" searches.  In plaintiff's first claim against defendant Baldwin County, he seeks to hold it liable for its subordinates' actions.  Holding a defendant liable solely for the actions of a subordinate or employee is not recognized as a theory of liability under § 1983.  See Monell v. Department of Social Services of New York, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (holding that in a § 1983 action the city could not be held liable either vicariously or under the theory of respondeat superior for the acts of an employee).  "A local government may be held liable under § 1983 only for acts for which it is actually

4

responsible, 'acts which the [local government] has officially sanctioned or ordered.'" Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1287 (11th Cir.) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986)), cert. denied, 525 U.S. 874 (1998).  Thus, defendant ,Baldwin County, cannot be held liable for the actions of its subordinates or employees.  This claim is, therefore, frivolous as a matter of law.

The second claim against defendant, Baldwin County, is based on a policy or custom that allegedly violated plaintiff's right to be free from excessive force and from strip searches and frisks.  Plaintiff, however, did not describe the policy or custom of defendant Baldwin County.  Thus, he did not allege a plausible claim against defendant, Baldwin County, and as a consequence, fails to state a claim upon which relief can be granted against defendant Baldwin County.  See Twombly, 550 U.S. at 55758, 127 S.Ct. at 1966 (holding that a claim lacking in plausibility fails to state a claim upon which relief can be granted); see also Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In the alternative, in Alabama "the duties of the counties with respect to the jails 'are limited to funding the operation of the jail and to providing facilities to house the jail.'" Turquitt, 137 F.3d at 1289 (quoting Stark v. Madison County, 678 So.2d 787, 787 (Ala.Civ.App.1996)).  This duty of the county has been construed to be limited to erecting the jail and maintaining its physical plant.  Id.  "The County has no authority to manage the sheriff's employees.[,]" id., inasmuch as the sheriff is not an employee of the county but is an executive officer of the State.  Id. at 1288.  "[T]he sheriff's authority over the jail is totally independent of the [county]."  Id. at 1289 (quoting King v. Colbert County, 620 So.2d 623, 625 (Ala.1993).

Thus, defendant, Baldwin County, does not have a policy or custom that is involved in plaintiff's claims for excessive force, strip searches, and frisks against the other defendants, nor is it the employer of the other defendants, so it could not be responsible for the actions of the other defendants.  Accordingly, plaintiff's claims against defendant ,Baldwin County, are frivolous as matter of law.

### IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that defendant, Baldwin County, be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's claims against it are frivolous.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 25th day of September, 2012.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      **<u>Objection</u>**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982) (<u>en banc</u>). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Transcript (applicable Where Proceedings Tape Recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

>                 /s/ Katherine P. Nelson
>                 **UNITED STATES MAGISTRATE JUDGE**

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).