## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JESSE W. DIXON, #209012,** | : |
| **Plaintiff,** | : |
| vs. | :   **CIVIL ACTION 12-0409-WS-N** |
| **BALDWIN COUNTY, et al.,** | : |
| **Defendants.** | : |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se and in forma pauperis (Doc. 4), filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at Fountain Correctional Facility, an institution of the Alabama Department of Corrections ("ADOC"). Plaintiff's action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Upon review of the Court's docket, it is recommended that the remaining claims[1] in this action be dismissed without prejudice for failure to prosecute and to obey the Court's orders.

This action is before the Court due to the return of mail that it had sent to plaintiff at the Baldwin County Corrections Center ("BCCC") (Doc. 22), which is the last address that the Court has for plaintiff. (Doc. 16). The returned mail's envelope reflects the notation "return to sender not at this address." (Id.). Thereupon, the Court contacted BCCC and verified that plaintiff was no longer in its custody, and checked ADOC's website and discovered that plaintiff was not in its custody. When plaintiff filed this action, he was warned in the Court's complaint form that he

---

[1] Previously, the Court recommended that defendant Baldwin County, Alabama, be dismissed with prejudice because the claims against it were frivolous. (Doc. 6).

must advise the Court in writing of any change in his address as the failure to so advise the Court would result in the dismissal of his action for failure to prosecute and to obey the Court's order. (Doc. 1 at 7). Plaintiff was given this warning again in the Court's orders dated July 11, 2012 and October 1, 2012. (Doc. 4 at 3, Doc. 8 at 3).

Even though plaintiff is a pro se litigant, he is still "subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989). A district court has the inherent authority to dismiss an action for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 630-31, 82 S.Ct. at 1389. The authority to control proceedings before the court "includes the authority to impose reasonable and appropriate sanctions." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) (quotation marks and citation omitted). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." Mingo v. Sugar Cane Growers Co-op of Fla., 864 F.2d 101, 102 (11th Cir. 1989); see Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (ruling the inherent powers of the courts include the power to dismiss an action for failure to comply with an order); Flaska v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir.) (holding that "[i]t is well established that the district court has the authority to dismiss…for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."), cert. denied, 392 U.S. 928 (1968).;[2] see also Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999)

---

[2] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for … failure to comply with a court order").

The sanction of "dismissal is warranted only upon a 'clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice.'" Mingo v. Sugar Cane Growers Co-op of Fla., 864 F.2d 101, 102 (11th Cir. 1989) (quoting Goforth, 766 F.2d at 1535). "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as protracted foot-dragging, defiance of court orders, ignoring warnings, and wasteful expenditure of the court's time." Green v. Department of Housing & Urban Dev., CA No. 10-0473-WS-M, 2011 WL 98542, at *2 (S.D. Ala. Jan. 10, 2011) (Steele, C.J.) (unpublished) (quotation marks and citation omitted). Conduct of this nature is present in this action. Here, plaintiff's conduct has shown a disregard for the Court's warnings and orders and has unnecessarily caused an expenditure of the Court's time and resources.

However, precedence requires that before recommending the sanction of dismissal, the Court consider whether a lesser sanctions will suffice. Mingo, 864 F.2d at 102. In this instance, there are no other effective sanctions available because plaintiff, who is pro se, will not abide by the Court's orders and is proceeding in forma pauperis. Thus, a monetary fine would have no effect on plaintiff if he could be located. Consequently, the dismissal of his action without prejudice is the most appropriate sanction. See Moon, 863 F.2d at 837-39 (affirming the dismissal with prejudice of an in forma pauperis, pro se prisoner's action for failure to pay the sanction of costs associated with the deposition that he refused to give despite being previously warned he must be deposed or he would bear the deposition's costs or suffer the dismissal of his action).

Accordingly, it is recommended that the claims remaining in this action be **dismissed without prejudice** for failure to prosecute and to obey the Court's orders.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 15th day of January, 2013.

/s/ Katherine P. _Nelson
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson  
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).